**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

FILED IN OPEN COURT

JUL 20 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | UNDER SEAL |
| ) | |
| v. ) | CRIMINAL NO. 2:16cr 97 |
| ) | |
| DETAUN GORDON, ) | 21 U.S.C. § 846 |
| a/k/a "Ock" ) | Conspiracy to Manufacture, Distribute and |
| (Counts 1, 4-6, 9-10, 12-13, 17-20) ) | Possess with Intent to Distribute Heroin |
| ) | (Count 1) |
| ) | |
| NATHANIEL POWELL, ) | 21 U.S.C §§ 841(a)(1) and (b)(1)(C) |
| a/k/a "Nate" ) | Distribution of a Controlled Substance |
| (Counts 1, 11) ) | (Counts 2-10) |
| ) | |
| ) | 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) |
| ERNEST CROSS, ) | Possession with Intent to Distribute Fentanyl |
| a/k/a "Pooh" ) | (Counts 11, 13, 15) |
| (Counts 1, 7-10, 12-13) ) | |
| ) | 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) |
| ) | Possession with Intent to Distribute Heroin |
| VALERIE WILSON ) | (Counts 12, 14) |
| a/k/a "Mary" ) | |
| (Counts 1, 2) ) | 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) |
| ) | Possession with Intent to Distribute |
| ) | Crack Cocaine |
| MARQUE WILSON ) | (Count 16) |
| a/k/a "Quis" ) | |
| (Counts 1, 3, 14-16) ) | 18 U.S.C. § 924(c)(1)(A) |
| ) | Possession of Firearms in Furtherance of a |
| ) | Drug Trafficking Crime |
| Defendants. ) | (Count 17) |
| ) | |
| ) | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) |
| ) | Felon in Possession of a Firearm |
| ) | (Count 18) |
| ) | |
| ) | 21 U.S.C. § 856(a)(1) and (b) |
| ) | Maintaining a Drug-Involved Premises |
| ) | (Counts 19-20) |
| ) | |
| ) | 18 U.S.C. § 924(d), 21 U.S.C. § 853, |
| ) | 28 U.S.C. § 2461 |
| ) | Asset Forfeiture |

INDICTMENT

<u>July 2016 TERM – at Norfolk</u>

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From in or about March 2012 and continuing until in or about July 2016, within the Eastern District of Virginia and elsewhere, the defendants, DETAUN GORDON, a/k/a "Ock," (hereinafter referred to as "DETAUN GORDON"), NATHANIEL POWELL, a/k/a "Nate," (hereinafter referred to as "NATHANIEL POWELL"), ERNEST CROSS, a/k/a "Pooh," (hereinafter referred to as "ERNEST CROSS), VALERIE WILSON, a/k/a "Mary," and MARQUE WILSON, a/k/a "Quis," did unlawfully and knowingly combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury, to commit one or more of the following offenses:

To unlawfully, knowingly and intentionally manufacture, distribute, and possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1). The quantity of controlled substances involved in the conspiracy is:

a) With respect to defendant DETAUN GORDON, the amount involved in the conspiracy attributable to DETAUN GORDON, as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to DETAUN GORDON, is one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

b) With respect to defendants NATHANIEL POWELL and ERNEST CROSS, the amount involved in the conspiracy attributable to NATHANIEL POWELL and ERNEST CROSS as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to NATHANIEL POWELL and ERNEST CROSS, is one hundred (100) grams or more of a mixture and substance containing a detectable amount of heroin in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); and

c) With respect to defendants VALERIE WILSON and MARQUE WILSON, the amount involved in the conspiracy attributable to MARQUE WILSON and VALERIE WILSON as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to VALERIE WILSON and MARQUE WILSON, is an amount of a mixture and substance containing a detectable amount of heroin in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

## Ways, Manner, and Means of the Conspiracy

1. It was part of the conspiracy for DETAUN GORDON and NATHANIEL POWELL to purchase wholesale narcotics both within and outside the Hampton Roads area for resale within the Hampton Roads area.

2. It was part of the conspiracy for DETAUN GORDON and NATHANIEL POWELL to exchange heroin with, purchase heroin from, and sell heroin to one another.

3. It was part of the conspiracy for MARQUE WILSON to buy heroin from NATHANIEL POWELL for resale.

4. It was part of the conspiracy for VALERIE WILSON to buy heroin from MARQUE WILSON and NATHANIEL POWELL for resale.

5. It was part of the conspiracy for ERNEST CROSS to package heroin for DETAUN GORDON for retail distribution and to sell heroin in the Hampton Roads region.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objectives thereof, the following overt acts, including the acts described in Counts 2-20, which are incorporated here as additional overt acts, among others, were committed in the Eastern District of Virginia and elsewhere:

1. From in or about March 2012 to in or about May 2012, in Portsmouth, Virginia, in the Eastern District of Virginia, ERNEST CROSS sold in excess of 100 grams of heroin for an amount of United States currency.

2. From in or about December 2013 to in or about June 2014, in Portsmouth, Virginia, DETAUN GORDON sold in excess of 1,000 grams of heroin for an amount of United States currency.

3. On or about October 16, 2015, in or near Portsmouth, Virginia, VALERIE WILSON sold approximately six grams of heroin for an amount of United States currency.

4. On or about October 21, 2015, in Portsmouth, Virginia, MARQUE WILSON sold approximately two grams of heroin for an amount of United States currency.

5. On or about October 21, 2015, in Portsmouth, Virginia, MARQUE WILSON was arrested and had in his possession ten grams of heroin for the purpose of resale.

6. On or about December 16, 2015, in Portsmouth, Virginia, DETAUN GORDON sold approximately two grams of heroin for an amount of United States currency.

7. On or about December 18, 2015, in Portsmouth, Virginia, DETAUN GORDON sold approximately one gram of heroin for an amount of United States currency.

8. On or about December 22, 2015, in Chesapeake, Virginia, in the Eastern District of Virginia, DETAUN GORDON maintained at his home on Battery Park Road an amount of heroin, one (1) oxycodone pill, two long guns, and an assortment of drug paraphernalia, including, syringes, crack "stems," capsules, straws, a plastic bag with suspected marijuana residue, a cutting agent, a sifter, 17 unused glass pipes, multiple glassine baggies, and multiple scales, including a scale with heroin residue.

9. On or about January 7, 2016, in Portsmouth, Virginia, DETAUN GORDON sold approximately one half (.5) gram of heroin for an amount of United States currency.

10. On or about February 17, 2016, in Chesapeake, Virginia, DETAUN GORDON sold approximately one gram of heroin for an amount of United States currency.

11. From in or about February 2016 to in or about June 2016, DETAUN GORDON purchased heroin from a Baltimore, Maryland-area supplier on multiple occasions. Initially,

DETAUN GORDON purchased heroin in ten gram increments. Subsequently, he increased the amount he purchased on each occasion, up to 150 grams in a single purchase. During this time period, DETAUN GORDON purchased approximately 1,000 grams of heroin in total. The wholesale amounts of heroin DETAUN GORDON purchased in Baltimore were then transported to Hampton Roads and resold for a profit.

12. From in or about February 2016 to in or about April 2016, DETAUN GORDON made a series of heroin sales collectively in excess of 500 grams. During this same period DETAUN GORDON possessed an AK-47-style rifle as well as a Taurus handgun.

13. From in or about February 2016 to in or about June 2016, DETAUN GORDON manufactured heroin for resale in Hampton Roads by using a hydraulic press to combine the heroin he received from his Baltimore supplier with a cutting agent and morphine.

14. From in or about March 2016 to in or about June 2016, ERNEST CROSS regularly encapsulated heroin, provided by DETAUN GORDON, for resale in the Hampton Roads region.

15. From on or about March 26, 2016, to in or about June 2016, NATHANIEL POWELL and DETAUN GORDON sold various amounts of heroin and other controlled substances to one another.

16. From in or about March 2016 to in or about June 2016, DETAUN GORDON purchased heroin from an unidentified associate of NATHANIEL POWELL. During this time period, DETAUN GORDON obtained approximately 12 ounces of heroin from the associate of NATHANIEL POWELL.

17. Between on or about March 26, 2016, and May 26, 2016, NATHANIEL POWELL purchased heroin from DETAUN GORDON that DETAUN GORDON had previously purchased in Baltimore and transported back to Hampton Roads. NATHANIEL POWELL purchased the heroin from DETAUN GORDON for $2,300 per ounce and resold the heroin in Hampton Roads at $2,800 per ounce.

18. Between in or about March 2016, and in or about June 2016, NATHANIEL POWELL traveled to Baltimore, Maryland approximately ten times to make wholesale purchases of heroin. After each purchase, he brought the heroin back to Hampton Roads, where he resold it.

19. On or about May 26, 2016, NATHANIEL POWELL, after leading police officers on a high-speed chase through residential areas of Portsmouth, was found in possession of seven grams of fentanyl.

20. On or about May 27, 2016, NATHANIEL POWELL, during the car chase, disposed of a firearm in his possession.

21. On or about June 1, 2016, in Portsmouth, Virginia, in the Eastern District of Virginia, ERNEST CROSS sold approximately seven-tenths (.7) of a gram of heroin and three-tenths (.3) of a gram of crack cocaine for an amount of United States currency.

22. On or about June 2, 2016, in Moyock, North Carolina, VALERIE WILSON sold approximately five grams of heroin for an amount of United States currency.

23. On or about June 8, 2016, DETAUN GORDON drove ERNEST CROSS to a residence on Carol Lane, in Portsmouth, Virginia, for the purpose of facilitating a sale of heroin for an amount of United States currency.

24. On or about June 8, 2016, in Portsmouth, Virginia, DETAUN GORDON possessed a firearm, approximately $5,000 in cash, an amount of fentanyl, and in excess of one ounce of heroin.

25. On or about June 8, 2016, in Portsmouth, Virginia, DETAUN GORDON possessed in excess of $42,000 in United States currency, a hydraulic press machine, cutting agents, digital scales, and an amount of heroin.

26. On or about June 10, 2016, in the Eastern District of Virginia, MARQUE WILSON led police on a vehicle pursuit while in possession of approximately two grams of heroin and an amount of cocaine.

27. In or about June 2016, NATHANIEL POWELL, through messages posted and exchanged on a social media account, threatened an individual who NATHANIEL POWELL believed was a police informant.

28. On or about June 15, 2016, in Portsmouth, Virginia, MARQUE WILSON possessed approximately eight grams of crack cocaine and approximately six grams of fentanyl.

(All in violation of Title 21, United States Code, Section 846.)

## COUNT 2

On or about October 16, 2015, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, VALERIE WILSON, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 3

On or about October 21, 2015, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, MARQUE WILSON, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 4

On or about December 18, 2015, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 5

On or about January 7, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 6

On or about February 17, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 7

On or about June 1, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, ERNEST CROSS, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack cocaine," a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 8

On or about June 1, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, ERNEST CROSS, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 9

On or about June 8, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON and ERNEST CROSS, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT 10

On or about June 8, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON and ERNEST CROSS, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT 11

On or about May 26, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, NATHANIEL POWELL, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C))

## COUNT 12

On or about June 8, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON and ERNEST CROSS, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT 13

On or about June 8, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON and ERNEST CROSS, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.)

## COUNT 14

On or about June 10, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, MARQUE WILSON, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 15

On or about June 15, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, MARQUE WILSON, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 16

On or about June 15, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, MARQUE WILSON, did unlawfully, knowingly, and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack cocaine," a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)).

## COUNT 17

On or about June 8, 2016, in Portsmouth, Virginia, within the Eastern District of Virginia, the defendant, DETAUN GORDON, did knowingly and unlawfully possess one or more firearms in furtherance of, and use and carry one or more firearms during and in relation to, a drug trafficking crime for which he may be prosecuted in a court of the United States, including, but not limited to, the drug trafficking crimes alleged in Counts 1, 4-6, 9-10, 12-13 of this Indictment, which description of each said drug trafficking crime is re-alleged and incorporated by reference as if set forth in full herein.

(In violation of Title 18, United States Code, Section 924(c)(1)(A)).

## COUNT 18

On or about June 8, 2016, in the Eastern District of Virginia, the defendant, DETAUN GORDON, having been previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting commerce a firearm, to wit, a Taurus Revolver, which had been shipped and transported in interstate and foreign commerce.

(In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)).

## COUNT 19

From in or about November 2015 to in or about December 2015, in the Eastern District of Virginia, the defendant, DETAUN GORDON, did unlawfully, knowingly and intentionally open, rent, use, and maintain any place, to wit, a residence on Battery Park Road in Chesapeake, Virginia, for the purpose of manufacturing heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 856(a)(1) and (b)).

## COUNT 20

From in or about March 26, 2016 to June 8, 2016, in the Eastern District of Virginia, the defendant, DETAUN GORDON, did unlawfully, knowingly and intentionally open, rent, use, and maintain any place, to wit, a residence on Green Street in Portsmouth, Virginia, for the purpose of manufacturing heroin, a Schedule I controlled substance.

(In violation of Title 21, United States Code, Sections 856(a)(1) and (b)).

## **FORFEITURE ALLEGATION**

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT, AND ALLEGES THAT:

1. The defendants, if convicted of any of the violations alleged in Counts One through Sixteen and Nineteen through Twenty of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:
    a. Any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and
    b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.
2. The defendants, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition involved in or used in the violation.
3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).
4. The property subject to forfeiture includes, but is not limited to, the following property:
    a. A Taurus Revolver with serial # IU52297.

(In accordance with 18 U.S.C. §§ 924(d) by 28 U.S.C. § 2461, and 21 U.S.C. § 853.)

UNITED STATES v. DETAUN GORDON et al.
CRIMINAL NO. 2:16CR 97

Sealed Pursuant to the
E-Government Act of 2002

A TRUE BILL

REDACTED COPY

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
John F. Butler
Special Assistant United States Attorney
Joseph E. DePadilla
Andrew C. Bosse
Assistant United States Attorneys
Attorneys for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number:     757-441-6331
Facsimile Number:  757-441-6689
E-Mail Addresses:  john.f.butler@usdoj.gov
                   joe.depadilla@usdoj.gov
                   andrew.bosse@usdoj.gov